# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FRANCISCO VASQUEZ**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 22-150-SDD-RLB**

**DYLAN JOHNSON, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 3, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANCISCO VASQUEZ                                    CIVIL ACTION

VERSUS                                               NO. 22-150-SDD-RLB

DYLAN JOHNSON, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 5). The motion is opposed. (R. Doc. 7). Plaintiff filed a Reply. (R. Doc. 8-2).

**I.      Background**

On or about October 5, 2021, Francisco Vasquez ("Plaintiff") filed a Petition for Damages in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Dylan Johnson ("Johnson") and Starr Indemnity & Liability Company ("Starr") (collectively, "Defendants"). (R. Doc. 1-1). The Petition provides that on October 12, 2020, Johnson crashed his vehicle into another vehicle stopped in traffic and in which Plaintiff was a passenger. (R. Doc. 1-1 at 1). Plaintiff alleges, among other things, that he suffered "injuries to his neck and back and other injuries," and that his damages include physical pain and suffering, emotional distress and mental anguish, medical expenses, impairment of earning capacity and/or loss of wages and other income, loss of enjoyment of life, physical disability, loss of use/function of body parts, and other unidentified damages. (R. Doc. 1-1 at 2-3). Plaintiff demanded trial by jury. (R. Doc. 1-1 at 3).

There is no dispute that Plaintiff served the Petition on Starr on November 4, 2021. (R. Doc. 1 at 2; R. Doc. 1-2; R. Doc. 5-1 at 2).

On February 3, 2022, Plaintiff provided Starr with discovery responses, including post-accident medical records. (R. Docs. 1-3; *see* R. Doc. 1 at 3-4).

1

On March 3, 2022, Starr removed this action, asserting the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332 and that the removal is timely under 28 U.S.C. § 1446(b). (R. Doc. 1). Starr asserts that there is complete diversity because Plaintiff is a citizen of Louisiana, Johnson is a citizen of Mississippi, and Starr is a citizen of Texas and New York. (R. Doc. 1 at 2-3). Starr further asserts that the amount in controversy requirement is satisfied in light of Plaintiff's post-accident medical records received in discovery. (R. Doc. 1 at 3-4). Finally, Starr asserts that removal is timely under 28 U.S.C. § 1446(b)(3) because it was made within 30 days of the service of an "other paper" from which Starr could first ascertain the existence of federal jurisdiction. (R. Doc. 1 at 4-5).

On March 29, 2022, Plaintiff filed the instant Motion to Remand, arguing that removal was untimely and that remand is proper in light of this procedural defect in removal. (R. Doc. 5).

## II.    Arguments of the Parties

In seeking remand, Plaintiff does not dispute that the Court can properly exercise diversity jurisdiction over this action. In fact, Plaintiff asserts that it is "facially apparent" from the Petition that the amount in controversy requirement is satisfied. (R. Doc. 5-1 at 5-7). Plaintiff claims that removal was untimely, however, because it was not made within 30 days of service of the initial pleading under 28 U.S.C. § 1446(b)(1). (R. Doc. 5-1 at 4-7). In short, Plaintiff asserts that the 30-day removal period under Section 1446(b)(1) was triggered upon service of the initial Petition <u>because</u> the amount in controversy is facially apparent for the purposes of determining the jurisdictional amount for diversity jurisdiction. Plaintiff alternatively argues that a pre-lawsuit e-mail from Plaintiff's counsel sent on September 22, 2021 constitutes an "other paper" that triggered the 30-day period under Section 1446(b)(3). (R. Doc. 5-1 at 7-9). Plaintiff

seeks recovery of costs and expenses, including attorney's fees, incurred as a result of the removal. (R. Doc. 5-1 at 9).

In opposition, Starr argues that the Petition does not meet the Fifth Circuit's bright-line rule in *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992) providing that the 30-day period for removal based on receipt of the initial pleading is only met where the initial pleading affirmatively reveals that the plaintiff is seeking damages in excess of the jurisdictional amount for diversity jurisdiction. (R. Doc. 7 at 1-5). Starr argues that the removal was timely because it was filed within 30 days of receipt of Plaintiff's discovery responses, which constitute "other paper" sufficient to trigger the 30-day removal period under Section 1446(b)93). (R. Doc. 7 at 5-6). Starr goes on to argue that Plaintiff's counsel's pre-lawsuit e-mail cannot trigger the time period for removal under Section 1446(b)(3) given the statutory language and Fifth Circuit interpretation of the statute. (R. Doc. 7 at 5-8). Given the foregoing, Starr argues that removal was timely and that all costs should be taxed to Plaintiff. (R. Doc. 7 at 8).

In reply, Plaintiff argues, among other things, that the Fifth Circuit's holding in *Chapman* is contrary to the plain language of Section 1446(b) and is contrary to the intention of the drafters of Section 1446(b). (R. Doc. 8-2).

## III.    Law and Analysis

There is no dispute that this Court can properly exercise diversity jurisdiction over this action under 28 U.S.C. § 1332.[1] The sole dispute is whether removal was procedurally defective

---

[1] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). There is no dispute that the parties are diverse. With respect to the amount in controversy requirement, Defendants "may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Here, the assertions in the Petition, Plaintiff's acknowledgement that the amount in controversy requirement is satisfied, and the contents of the pre-removal discovery responses support a finding that the amount in controversy requirement is satisfied. While

because it was untimely removed under 28 U.S.C. § 1446. Plaintiff timely raised this procedural

defect within 30 days after the filing of the notice of removal. *See* 28 U.S.C. § 1447(c).

The time limits for filing a notice of removal, which are provided in the removal

procedure rules of 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). In the context of determining whether the 30-day period for removal is

triggered under § 1446(b)(1) where the plaintiff does not allege the amount in controversy, the

---

the damages alleged in the Petition are generalized, the Court gives some weight to Plaintiff's jury demand with respect to a finding that the amount in controversy requirement is satisfied. *See Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195, 2015 WL 4772185, at *3 (M.D. La. Aug. 12, 2015) (citing *Brown v. Richard*, No. 00-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ("jury demand for state court can be a factor in determining whether the amount in controversy requirement for federal jurisdiction is satisfied" but alone is not controlling to satisfy the jurisdictional requirement). Moreover, Plaintiff's discovery responses indicate that Plaintiff is currently earning $34 per hour and estimates his lost wages at $5000-$7000. (R. Doc. 1-3 at 2-3). Plaintiff's interrogatory response further states that he was still undergoing treatment and had incurred $32,039.50 in medical expenses. (R. Doc. 1-3 at 5). Plaintiff also asserted that he has "daily neck pain with numbness into his left arm and fingers," "daily low back pain with pain down his left lower extremity and numbness in his left foot," "frequent headaches," "difficulty squatting, sitting for long periods of time and sleeping," and is no longer able to run. (R.Doc. 1-3 at 5). Finally, Plaintiff's post-accident medical records support a finding that the jurisdictional amount is met. Plaintiff has received cervical and lumbar epidural steroid injections, and has suffered cervical and lumbar disc herniations. (R. Doc. 1-3 at 9-11). The record as a whole support a finding that the amount in controversy requirement is satisfied. *See Thibodeaux v. GEICO Advantage Ins. Co.,* No. 16-158-JWD-EWD, 2016 WL 4055660, at *5 (M.D. La. July 8, 2016) ("Defendants correctly point out that it is well established in Louisiana law that damage awards for a herniated disc without surgical intervention may exceed $75,000.00") (citing cases), *report and recommendation adopted*, 2016 WL 4033981 (M.D. La. July 26, 2016); *Thomas v. Louis Dreyfus Commodities, LLC*, No. 15-394-SDD-RLB, 2016 WL 1317937, at *5 (M.D. La. Mar. 11, 2016) ("[E]ven in the absence of surgical recommendations, Louisiana courts have awarded $50,000–$60,000 for multiple herniated discs.") (citing cases), *report and recommendation adopted*, 2016 WL 1337655 (M.D. La. Apr. 1, 2016).

Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). The Court in *Mumfrey* noted that if a plaintiff wishes the 30-day time period to run from the defendant's receipt of the initial pleading, he shall "place in the initial pleading *a specific allegation that damages are in excess of the federal jurisdictional amount*." *Id.* (citing *Chapman*) (emphasis added by *Mumfrey*). Such a statement would provide notice to defendants that the removal clock had been triggered but would not run afoul of state laws that prohibit pleading unliquidated damage amounts.

With regard to triggering the 30-day time period from a defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in Section 1446(b)(3), the Fifth Circuit has stated that the 30-day period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Accordingly, the standard for triggering removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in Section 1446(b)(3), is at least as strict as the standard for triggering the 30-day period for removal based on an initial pleading, as provided in Section 1446(b)(1).

Here, the Petition does not affirmatively reveal on its face that Plaintiff is seeking damages in excess of $75,000. There is no allegation that the damages are in excess of the

federal jurisdiction amount.[2] Even assuming, as argued by Plaintiff, that the jurisdictional amount was "facially apparent" based upon the scope of the damages sought in the Petition, that would have been insufficient to trigger the 30-day deadline for removal under Section 1446(b)(1). The Fifth Circuit has clarified that the analysis regarding whether a pleading "affirmatively reveals on its face" that the 30-day removal period is triggered is not the same as whether it is "facially apparent" that removal may be appropriate. *See Mumphrey*, 719 F.3d at 400 (distinguishing "amount dispute" cases from "timeliness" cases). Accordingly, the 30-day deadline to remove the action was not triggered by the service of the initial Petition, which did not affirmatively reveal on its face that the jurisdictional amount was satisfied.

The pre-filing email sent on September 22, 2021 also did not trigger the removal period. The time periods provided in Section 1446 concern the removal of a civil action, which did not exist until the filing of this case on or about October 5, 2021. A document provided prior to the filing of the actual lawsuit is not an "other paper" for the purposes of Section 1446(b)(3). *Elkins v. Bradshaw*, No. 18-1035, 2019 WL 2096126, at *3 (M.D. La. Apr. 24, 2019), *report and recommendation adopted*, 2019 WL 2092564 (M.D. La. May 13, 2019). To hold otherwise would contradict the plain language of Section 1446. Furthermore, the pre-suit correspondence does not satisfy the "unequivocally clear and certain" bright-line rule because it provides no specific amount sought in the lawsuit.

Having concluded that the 30-day removal period under Section 1446(b)(1) was not triggered by receipt of the initial Petition, and that the pre-suit correspondence is irrelevant for the purposes of Section 1446, the Court need not decide whether the 30-day removal period

---

[2] In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). Plaintiffs are required, however, to make a general allegation where there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

under Section 1446(b)(3) was triggered by receipt of the pre-removal discovery responses on December 10, 2021. That is because even if the 30-day removal period was triggered based on the receipt of an "other paper" (the February 3, 2022 discovery responses), there is no dispute that Defendants removed the action on March 3, 2022 (i.e., within 30 days of receipt of the discovery responses).

Finally, Section 1447(c) provides that "[a]n order remanding the case require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Starr has not set forth any statutory basis for the award of costs or expenses to the removing defendant where a motion to remand is denied. Accordingly, it is appropriate for the parties to bear their own costs.

Based on the foregoing,

**IT IS RECOMMENED** that Plaintiff's Motion to Remand (R. Doc. 5) be **DENIED**.

Signed in Baton Rouge, Louisiana, on May 3, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**